IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SIGNATURE TRANSPORTATION GROUP, LLC, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 18 C 6896<br>)<br>) Jeffrey T. Gilbert |
| GEORGE JACOBS, et al., | ) Magistrate Judge<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Signature Transportation Group, LLC ("Signature"), Salvatore Milazzo, and Janet Milazzo (collectively, "Plaintiffs") filed this case in federal court after years of litigating in state court with Defendants George Jacobs and Windy City Limousine Manager, LLC ("Windy City") (collectively, "Defendants"). The parties' disputes arise from the acrimonious split of the Milazzos and Jacobs as members or, colloquially, partners in Windy City. In this case, Plaintiffs assert two federal causes of action against Defendants, the first under the Lanham Act, 15 U.S.C. § 1125(a), and the second for the fraudulent filing of an information tax return in violation of 26 U.S.C. § 7434. Plaintiffs also allege state law claims for consumer fraud, deceptive trade practices, tortious interference with prospective business relationships, and defamation.

While the parties were engaged in discovery, or really at the beginning of that process, Defendants filed a Motion for Summary Judgment [ECF 31], and in response, Plaintiffs filed a Motion for Discovery Pursuant to Rule 56(d) of the Rules of Civil Procedure [ECF 43]. Defendants say Plaintiffs cannot prove their federal or state claims as a matter of law. Plaintiffs say Defendants' motion is procedurally improper because Defendants did not comply with Local Rule 56.1 and also is premature because Plaintiffs are entitled to discovery designed to gather

1

documents and testimony that could enable them to prove their claims before this case is ripe for summary judgment or trial.  It seems that Defendants would like to continue to fight with Plaintiffs but only in state court; Plaintiffs want to move the fight or at least a portion of the fight to federal court.  The parties executed a Limited Consent to Exercise of Jurisdiction by a United States Magistrate Judge on February 14, 2020 [ECF 78] for the pending Motion for Summary Judgment [ECF 31] and the Motion for Discovery [ECF 43].  Both Motions are fully briefed and ripe for decision.

For the reasons discussed below, the Court agrees with Plaintiffs.  Defendants' motion for summary judgment is denied without prejudice, and Plaintiffs' motion for discovery pursuant to Rule 56(d) is granted.  Defendants' motion for summary judgment is premature before Plaintiffs have had an opportunity to take discovery in an effort to obtain evidence to prove their claims, but it also fails because Defendants did not comply with Local Rule 56.1 in presenting their motion to the Court.  A movant's failure to comply with Local Rule 56.1 is a threshold and independent reason for a court to deny a motion for summary judgment.  The Court also disagrees with Defendants that the undisputed facts in the limited record adduced to date show Plaintiffs cannot prove their claims as a matter of law.  The limited record now before the Court establishes there are material factual disputes as to both liability and damages.  Plaintiffs are entitled to discovery they say will help them prove their claims before Defendants legitimately can seek summary judgment. Summary judgment, therefore, is inappropriate at this stage of the proceedings.

The parties need to resume discovery and continue the Local Rule 37.2 meet and confer process with respect to Plaintiffs' (and perhaps Defendants') pending written discovery requests.  That process was interrupted abruptly by the filing of Defendants' motion for summary judgment.  If disputes remain after the Local Rule 37.2 meet and confer process has concluded, then the

aggrieved party can file an appropriate motion consistent with the Federal Rules of Civil Procedure and the Local Rules. The Court is confident that any continuing disputes concerning the relevance and proportionality of Plaintiffs' discovery requests can be addressed within the context of Federal Rule of Civil Procedure 26.

## I.
## Defendants' Failure to Comply with Local Rule 56.1
## Merits Denial of Their Motion for Summary Judgment

Local Rule 56.1 requires a party moving for summary judgment to submit a statement of material facts with "specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts. . . ." Local Rule 56.1(a). Courts in this district repeatedly have held that the parties' memoranda of law filed in support of, or in opposition to, motions for summary judgment must cite to the specific Local Rule 56.1 statement or statements of fact in support of their arguments, not to the record directly. *See First Merit Bank, NA v. 2200 North Ashland, LLC,* 2014 WL 60605817, at *4-5 (N.D.Ill. 2014); *Morningware, Inc. v. Hearthware Home Products Inc.,* 2012 WL 3721350, at *3 (N.D.Ill. 2012); *LaSalvia v. City of Evanston,* 806 F.Supp.2d 1043, 1046 (N.D.Ill. 2011); *Daoust v. Abbott Laboratories,* 2006 WL 2711844, at *4 (N.D.Ill. 2006) **("[C]itations in the [summary judgment memoranda] ... should be to the 56.1(a) or (b) statement only.")** (Emphasis added). The Seventh Circuit also has said that a district court is "entitled to expect strict compliance" with Local Rule 56.1. *Cichon v. Exelon Generation Co., L.L.C.,* 401 F.3d 803, 809–10 (7th Cir. 2005) (quoting *Ammons v. Aramark Unif. Servs., Inc.,* 368 F.3d 809, 817 (7th Cir. 2004)).

Defendants' motion for summary judgment fails out of the gate because they did not comply with Local Rule 56.1. Although Defendants filed a Rule 56.1 Statement of Undisputed Facts [ECF 33], they do not cite to it at all in support of their motion for summary judgment.

3

Defendants say their failure to comply with Local Rule 56.1 is not a problem because the Court can look at their Local Rule 56.1 Statement and Plaintiffs' response to it and figure out which facts are in dispute and which are not. Defendants are wrong. It is not the Court's job to wade through a voluminous Local Rule 56.1 statement and assign facts from that document to the arguments in Defendants' briefs filed in support of their motion for summary judgment. *Davis v. Carter,* 452 F.3d 686, 692 (7th Cir. 2006). As the Seventh Circuit has said, it simply is not the court's job to sift through the record to determine whether there is sufficient undisputed evidence to support a party's claim or defense as a matter of law. *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").[1]

Defendants also ignore the facts Plaintiffs dispute in their Response to Defendants' Local Rule 56.1 Statement [ECF 49] and Plaintiffs' Rule 56.1 Statement of Additional Facts [ECF 51] in their reply memorandum [ECF 54] and do not account for the facts brought forth by Plaintiffs that do not fit with Defendants' narrative. In addition, it is difficult (or close to impossible) to decipher Defendants' Local Rule 56.1(b) Statement [ECF 56] and determine whether and in what respect Defendants are disputing facts brought forth by Plaintiffs. *See, e.g.,* Defendants' Reply to Plaintiffs' Local Rule 56.1 Statement of Additional Facts [ECF 51] at ¶ 9 ("To the extent the dates and individuals identified in Paragraph 9 and the narrative of Paragraph 9 is consistent with Exhibit 'I' (which Plaintiff [sic] is seeking to file under seal) it is undisputed. To the extent that Paragraph 9 is inconsistent with Exhibit 'I', it is disputed. It is disputed that Exhibit 'Y' supports Paragraph 9.")

---

[1] The Court notes that Plaintiffs did comply with Local Rule 56.1 which made it easier for the Court to identify the facts Plaintiffs say are in dispute or that require additional discovery of Defendants or third parties that might help Plaintiffs prove up their claims.

The intent behind Local Rule 56.1 is that the legal and factual arguments put forth by a party moving for summary judgment must be based upon and supported by the undisputed facts of record that the movant brings forth in its Local Rule 56.1 statement. In this case, Defendants' briefs filed in support of their motion for summary judgment do not reference the Local Rule 56.1 Statements filed by either side other than in the most perfunctory fashion. Defendants' Local Rule 56.1 Statement is supposed to be integrated with their memoranda of law filed in support of their motion for summary judgment, but that is not how Defendants have presented their motion. Here, Defendants' briefs and fact statements are completely separate documents that do not reference each other and are not integrated in any way. As such, Defendants' Motion is subject to denial and is denied without prejudice for this reason.

## II.
## Defendants' Motion for Summary Judgment Also Must Be Denied Because Plaintiffs Are Entitled to Discovery In An Attempt To Prove Their Claims

Defendants filed their motion for summary judgment while the parties were in the midst of discussing their disputes with each other's responses to written discovery. Defendants objected broadly to most of Plaintiffs' written discovery requests, and Plaintiffs say Defendants have not produced a single document in this case that was not produced in the state court litigation although the claims in this case are different than the claims in state court. No depositions have been taken in this case, and Plaintiffs have issued subpoenas to third parties that remain outstanding. Plaintiffs say they were waiting to take depositions until they obtained Defendants' compliance with their written discovery requests. In fact, Plaintiffs say Defendants filed their motion for summary judgment just a few hours before a scheduled Local Rule 37.2 meeting to discuss the parties' respective discovery disputes, and Defendants then refused to discuss any discovery issues after

they filed their motion. Plaintiffs' Memorandum In Support of Motion for Discovery Pursuant to Rule 56(d) [ECF 45] at 5.

Plaintiffs have filed affidavits in support of their Rule 56(d) motion that outline the discovery they want to take in an attempt to prove their claims. Defendants say, however, that Plaintiffs' Lanham Act theory rests on rank speculation and they will not be able to develop facts to support their claims. But that remains to be seen at this early stage of this case before any discovery has been done. There is an old saying that if you paint all the windows black it is easy to argue it is dark outside. Plaintiffs are entitled to conduct discovery in an attempt to chip away at the black paint Defendants have painted on the windows to see if some light comes in. The Court cannot say with the same confidence expressed by Defendants that Plaintiffs cannot obtain through discovery facts to prove all or some of their claims. At this point, Plaintiffs have a legal theory and Defendants have a legal theory; it will take some discovery to see which side's legal theory will prevail once all the relevant facts are adduced.

This is a paradigmatic situation for denial without prejudice of Defendants' motion for summary judgment so that Plaintiffs can do some discovery and try to develop and prove their case. *Smith v. OSF Healthcare System,* 933 F.3d 859 (7th Cir. 2019). As in *Smith*, Plaintiffs here were pursuing discovery in a "diligent, sensible, and sequenced manner, and the pending discovery was material to the summary judgment issues." 933 F.3d at 861, 864-66 (abundant citations omitted). Defendants cut that process short when they filed their motion for summary judgment. Although Defendants say it would be futile and unnecessary for Plaintiffs to conduct discovery in this case, the Court cannot reach that conclusion at this point in this case. Accordingly, Plaintiffs' motion for Rule 56(d) discovery is granted and Defendants' motion for summary judgment is denied without prejudice for this reason as well.

# III.
## The Undisputed Facts In The Limited Record Do Not Establish Defendants Are Entitled To Judgment As A Matter of Law

The Court also disagrees with Defendants that the facts in the limited record to date establish they are entitled to summary judgment now as a matter of law. Defendants' main argument against Plaintiffs' Lanham Act claim is that Plaintiffs cannot prove Defendants' engaged in commercial advertising within the meaning of 15 U.S.C § 1125(a)(1)(B). According to Defendants, Plaintiffs allege that Defendants communicated with a limited number of people who did business with Plaintiffs, the facts they communicated were true, and Plaintiffs' allegations that Defendants communicated with "specific individuals in the transportation and livery business" is not the kind of broad advertising to the public that is covered by the Lanham Act. Defendants' Memorandum in Support of Motion for Summary Judgment [ECF 32] at 4-7. Defendants also say Plaintiffs' business actually increased during the years since the Windy City venture split so Plaintiffs cannot show they suffered any damages as a result of anything they allege Defendants did or said. *Id.* at 7.

But Defendants brush over the broader allegations in Plaintiffs' Complaint and ignore the facts set forth in Plaintiffs' affidavits filed in support of their Rule 56(d) motion. For example, Plaintiffs allege that, "Jacobs' False Commercial Speech actually deceived and has the tendency to continue to deceive a substantial segment of consumers of ground transportation and livery services in the Chicagoland area." Complaint [ECF 1] at ¶ 40. The Complaint contains examples of communications that Plaintiffs allege Defendants had with Plaintiffs' customers (including trade associations and publications that Plaintiffs say should be considered customers in the context of the limousine industry) that allegedly were designed to discourage those people and others from doing business with Plaintiffs. Complaint [ECF 1] at ¶¶ 26-34. Although Defendants argue that

most of what they told people was true, some of the statements attributed to Defendants cannot be easily characterized as true or false, such as that "STG is going out of business because the Milazzos are criminals who will be 'thrown in jail';" that Plaintiffs "stole $250,000 from [Defendants] and went and opened a competing company using all of our illegally downloaded computer data;" that Jacobs "fired the Milazzos for embezzlement;" and that Plaintiffs "do not seem to have sufficient equipment to actually service that business." *Id.* at ¶¶ 32(d), 34(c); Johnson Affidavit [ECF 43-1] at ¶ 42; Plaintiffs' Statement of Additional Facts [ECF 52] at ¶ 19.

Defendants make much of the fact that the Milazzos were, in fact, indicted for theft in state court, and therefore Defendants were telling the truth when they broadcast widely, including on FaceBook, the indictment and that the Milazzos had been arrested and jailed. It was Defendants that made the criminal complaint against the Milazzos. Plaintiffs allege, and the trial transcript of the state criminal proceedings confirms, that the state court judge who acquitted Plaintiffs of all criminal charges after a bench trial said, among other things, "the fact that Wind[y] City decided to proceed by way of some sort of a criminal investigation or criminal charge against the Milazzos I think is wrong – is wrong from its inception;" the Milazzos did not intend to deprive Windy City of the money Defendants complained was stolen and in fact Windy City withheld from the Milazzos more than enough money to cover whatever they allegedly owed Windy City; and the criminal charge "has nothing to do with criminal conduct" but grew out of an ordinary business dispute between "people who have fallen out with each other." Complaint [ECF 1] at ¶ 31; Plaintiffs' Local Rule 56.1 Statement of Additional Facts [ECF 51] at ¶ 18; Transcript of Criminal Proceedings [ECF 51-1] at pp. 83-85. In the Court's view, at this stage of the litigation, whether or not Defendants broadcasting of the criminal charges against the Milazzos and the potential

8

penalties they faced if convicted is true or false commercial speech remains to be determined after Plaintiffs have had a chance at discovery.

In his affidavit filed in support of Plaintiffs' motion for discovery pursuant to Rule 56(d), Salvatore Milazzo also identifies dozens of people and companies he says are Plaintiffs' current or prospective customers, or trade associations and publications that should be considered customers or prospective customers within the context of the limousine industry, and to whom Milazzo says Defendants communicated false information about Plaintiffs. Milazzo Affidavit [ECF 51-14] at ¶¶ 7, 12-14. Milazzo says the evidence will show that Defendants made misrepresentations to a large number of Plaintiffs' existing and potential customers designed to discourage those people from doing business with Plaintiff, and also deprived Plaintiffs of the opportunity to participate in the request for proposal process for certain prospective customers. *Id.* He says Plaintiffs lost business (and suffered a decrease in business from eight identified customers), profits, goodwill, and suffered damage to their reputation as a result. *Id.* at ¶ 11; Complaint [ECF 1] at ¶¶ 42, 55. At this stage of the case, that is sufficient to justify denial of Defendants' motion for summary judgment without prejudice and allow Plaintiffs to proceed with discovery in an attempt to gather more evidence to support their claims.[2]

The cases Defendants cite in support of their motion for summary judgment also are not controlling at this stage of this case and are distinguishable at least based on the limited facts of record as of now. In *Johnson Controls, Inc. v. Exide Corp.,* the district court held that "misrepresentations made to a single customer in the context of negotiating a transaction cannot

---

[2] It remains to be seen whether Plaintiffs' theory that trade associations and publications, and affiliated ground transportation companies, should be considered Plaintiffs' customers or potential customers in the limousine industry. Plaintiffs say, among other things, that they will be able to show that Defendants considered those people to be their customers or potential customers. Johnson Affidavit [ECF 43-1] at ¶ 48 and Ex. 11. The extent to which a Lanham Act claim can be made out under these circumstances also will require more development of the factual record.

constitute 'advertising' or 'promotion' in the statutory sense." 152 F. Supp. 2d 1075, 1082-82 (N.D. Ill. 2001). As Plaintiffs have pled and conceive their case, though, that is not what happened in this case. Also distinguishable is *American Needle & Novelty, Inc. v. Drew Pearson Mktg., Inc.,* 820 F. Supp. 1072 (N.D. Ill. 1993), as that case involved a Lanham Act claim predicated on a single letter. The court in *American Needle*, however, did note that the terms "advertising" and "promotion" are not defined within the Lanham Act and (somewhat helpfully for Plaintiffs here), "[t]he level of circulation required to constitute advertising and promotion will undeniably vary from industry to industry and from case to case." 820 F. Supp. at 1078. *See also Marcyan v. Nissen Corp.,* 578 F. Supp. 485, 506-08 (N.D. Ind. 1982), *affirmed* 725 F2d 687 (7th Cir. 1983); (statement made in a user manual for an exercise device is not actionable under the Lanham Act); *Sanderson v. Spectrum Labs, Inc.,* 227 F. Supp. 2d 1001, 1008 (N.D. Ind.), *affirmed* 248 F.3d 1159 (7th Cir. 2000) (plaintiff failed to connect defendant to any of the commercial advertising he alleged violated the Lanham Act).

The Court appreciates Defendants' argument that the person-to-person communications during which a substantial number of the misrepresentations Plaintiffs allege Defendants made took place are not the type of commercial advertising or promotion that comes within the ambit of the Lanham Act. But Plaintiffs' allegations are somewhat broader than Defendants say they are, including posts on social media, and they are broader than the narrow allegations and facts in the cases Defendants cite in support of their motion. *See, e.g.,* Complaint [ECF 1] at ¶¶ 35, 36, 40. It may be that Defendants ultimately will be shown to be correct that Plaintiffs cannot make out a Lanham Act case, but the Court cannot reach that conclusion now on a limited record given the way Plaintiffs have pled their case and the facts Plaintiffs say remain to be discovered as set forth in their motion for discovery pursuant to Rule 56(d).

Summary judgment also is not appropriate on Plaintiffs' state law claims for consumer fraud and deceptive trade practices, tortious interference with prospective advantage, and defamation for many of the same reasons that summary judgment is not appropriate on Plaintiffs' Lanham Act claims. The record is undeveloped by discovery; Plaintiffs point to facts in the limited record that may support their theory of the case; and they identify avenues of discovery from Defendants and third parties through which they say they will uncover facts that will enable them to prove their claims. For example, while Defendants maintain their alleged tortious conduct is insulated by a competitor's privilege, Plaintiffs argue, not without case law support, that the competitor's privilege does not protect someone who acted with malice or utilized wrongful means. *Lynchval Sys. Inc. v. Chicago Consulting Actuaries, Inc.,* 1998 WL 151814, at *8 (N.D. Ill. 1998) (noting that "physical violence, fraud, civil suits and criminal prosecutions are considered wrongful means" that may defeat the competitor's privilege). The Court also notes that while Plaintiffs did not respond to Defendants' arguments that their state consumer fraud claim lacks merit because Plaintiffs are not the "consumers" the state law is intended to protect, it would not advance the ball much at this time to grant summary judgment on that claim even putting aside Defendants' disabling failure to comply with Local Rule 56.1 in presenting that argument to the Court.

Plaintiffs' second federal claim accusing Defendants of filing a fraudulent information tax return also is not susceptible to summary judgment at this stage of the proceedings. Defendants say there is nothing false about the amended information return they filed because it accurately reflects that Defendants zeroed out Plaintiffs' membership interests in Windy City. Plaintiffs say the return falsely states they have zero membership interests in Windy City because they never were paid for their membership interests, so those interests cannot be zero. Plaintiffs say they

suffered damages at a minimum in the amount of the $1,875 they paid to a tax preparer to amend their previous tax returns because of Defendants' fraudulent filing. Plaintiffs' Statement of Additional Facts [ECF 51] at ¶ 31. There also is the disputed question of whether Defendants' conduct was willful within the meaning of the statute. Whether any of this rises to the level of a statutory violation cannot be determined on this record and based on the limited briefing on this issue submitted by the parties. Therefore, even if Defendants' attack on Plaintiffs' Lanham Act claim were successful, a federal claim would remain that potentially could serve as an anchor for Plaintiffs' state law claims which would prevent Defendants from ending this federal case at least for now.

Accordingly, for all the reasons discussed in this Memorandum Opinion and Order, Defendants' Motion for Summary Judgment [ECF 31] is denied without prejudice, and Plaintiffs' Motion for Discovery Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure [ECF 43] is granted.

It is so ordered.

 _____
 Jeffrey T. Gilbert
 Unites States Magistrate Judge

Dated: April 3, 2020